UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MICHAEL KURTEN,
          Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,
          Defendant.

---

**DECISION & ORDER**
18-cv-0174-JWF

FILED SEP 2 4 2019 MARY C. LOEWENGUTH, CLERK WESTERN DISTRICT OF NY UNITED STATES DISTRICT COURT

## Preliminary Statement

Plaintiff Michael Kurten ("plaintiff" or "Kurten") brings this action pursuant to the Social Security Act ("Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner"), which denied his application for benefits. See Compl. (Docket # 1). Presently before the Court are competing motions for judgment on the pleadings. See Docket ## 11, 17. For the reasons explained more fully below, plaintiff's motion for judgment on the pleadings (Docket # 11) is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 17) is **denied**, and the case is remanded for further proceedings consistent with this Decision and Order.

## Procedural History

On February 21, 2014, plaintiff protectively filed his application for disability insurance benefits pursuant to Title II of the Act and for supplemental security income pursuant to Title XVI of the Act, alleging physical and mental disabilities with an onset date of July 14, 2010. See Administrative Record, Docket #

1

8 ("AR"), at 153-62. His claim was initially denied. AR at 81-92. Represented by counsel, plaintiff and a vocational expert (the "VE") appeared before Administrative Law Christine Cooke (the "ALJ") on June 28, 2016 for a hearing on the denial of his application. AR at 36-52. The ALJ issued an unfavorable decision on February 24, 2017. AR at 19-31. Plaintiff appealed that decision to the Appeals Council ("AC") and provided additional medical source statements from plaintiff's treating providers Arvind Wadhwa, M.D. and physician assistant Julie Szafranski, RPAC (AR at 11-15) and plaintiff's treating psychiatrist Ronald Cooke, M.D. (AR at 9). The AC did "not consider" the medical source statement from the treating providers because they did "not show a reasonable probability that it would change the outcome of the decision." AR at 2. The AC determined that the letter from plaintiff's treating psychiatrist did "not relate to the period at issue" and therefore "does not affect the decision." AR at 2. The AC accordingly denied plaintiff's request for review on December 4, 2017, making it the final decision of the Commissioner. AR at 1-5.

Plaintiff commenced this action on February 2, 2018 (Docket # 1) and filed his motion for judgment on the pleadings on December 6, 2018 (Docket # 11). The Commissioner filed his motion for judgment on the pleadings on February 4, 2019 (Docket # 17), and plaintiff replied on February 25, 2019 (Docket # 17).

2

For purposes of this Decision and Order, the Court assumes the parties' familiarity with the medical evidence, the ALJ's decision, and the standard of review, which requires that the Commissioner's decision be supported by substantial evidence. See Acierno v. Barnhart, 475 F.3d 77, 80-81 (2d Cir. 2007) (so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed), cert. denied, 551 U.S. 1132 (2007).

## Discussion

Kurten, who was 52 at the time of the ALJ's decision (AR at 30-31), has degenerative disc disease of the lumbar spine, scoliosis, and depressive disorder. AR at 22. Plaintiff makes two primary arguments in support of remand: (1) that the AC improperly evaluated the medical source statement from Kurten's treating providers Dr. Wadhwa and Ms. Szafranski and from plaintiff's treating psychiatrist Dr. Cooke and (2) that the ALJ erroneously rejected part of an opinion from Dr. Ha Ko and treating therapist Joseph G. Stankovich, LMHC. Pl.'s Mem. of Law in Support of Mot. for J. on Pleadings (Docket # 11-1) at 13-21. Because I agree with plaintiff that the AC erred in rejecting the medial

3

source statement from plaintiff's treating providers, I do not address plaintiff's remaining arguments.[1]

In support of his appeal to the AC, plaintiff submitted a Physical Residual Functional Capacity Questionnaire dated November 10, 2016, which was signed by his treating physician assistant Ms. Szafranski. AR at 11-15. It appears that Ms. Szafranski works at Dr. Wadhwa's office (AR at 274-76) and the AC treated this opinion as one from Dr. Wadhwa, plaintiff's treating doctor (AR at 2). Ms. Szafranski opined that plaintiff had depression and bipolar disorder (AR at 11-12) and that he would be "[i]ncapable of even 'low stress' jobs." AR at 12. She opined that plaintiff could sit, stand, and walk for less than two hours and only sit for 30 minutes at a time (AR at 13) and stand for 15 minutes at a time

---

[1] Although the Court will refrain from addressing plaintiff's other arguments fully, I do note that they are not very persuasive. Contrary to plaintiff's assertions otherwise, the ALJ did explain why he credited parts of the opinion from Dr. Ko and Therapist Stankovich. Dr. Ko and Therapist Stankovich opined that plaintiff would be absent from work four days per month. AR at 242. The ALJ found this aspect of the opinion not to be credible, explaining that "their treatment records and the medical source statement do not support a reason for [plaintiff] to miss 4 days of work per month." AR at 27. The ALJ further explained that "as indicated in their reports, [plaintiff] spent a lot of time running an antique business, caring for his parents, and doing things with his girlfriend." AR at 27. Although Kurten may disagree with this assessment, it is simply not true that the ALJ "failed to explain why she did not incorporate [this] key portion of the opinion in her RFC." Docket # 11-1, at 15.

Nor is the Court convinced that the AC's rejection of Dr. Cooke's post-hearing March 30, 2017 letter opinion as irrelevant "to the period at issue" was wrong. Dr. Cooke's letter is two short paragraphs and simply lists plaintiff's diagnosis and medications and notes that "Mr. Kurten presents with a poor social network, poor motivation and depressed mood. At this time, it is my opinion that Mr. Kurten is not capable of any form of gainful employment." AR at 9. The letter does not provide any real substance nor does it explicitly refer to the relevant time period, aside from a passing acknowledgment that plaintiff has been treated for 17 years to address signs and symptoms of depression. AR at 9.

4

(AR at 12). Ms. Szafranski further opined that plaintiff would need to walk for periods of five minutes at intervals throughout the day and would need to shift from sitting, standing, and walking with 15 minute breaks. AR at 13. During periods of prolonged sitting, Ms. Szafranski indicated that plaintiff would need to have his legs elevated. AR at 13. According to Ms. Szafranski, plaintiff could lift less than 10 pounds occasionally, rarely turn her head, look up, twist, stoop, and crouch but never climb ladders or stairs. AR at 13-14. Significantly, Ms. Szafranski determined that plaintiff would be absent more than four days per month, in line with Dr. Ko and Therapist Stankovich's opinion, which the ALJ rejected. AR at 14. The AC "did not consider and exhibit this evidence" because it "does not show a reasonable probability that it would change the outcome of the decision." AR at 2.

"Pursuant to 20 C.F.R. § 416.1470(b), the AC must consider additional evidence that a claimant submits after the ALJ's decision if it is new, material, and relates to the period on or before the ALJ's decision." Hollinsworth v. Colvin, No. 15-CV-543-FPG, 2016 WL 5844298, at *3 (W.D.N.Y. Oct. 6, 2016); Hightower v. Colvin, No. 12-cv-6475, 2013 WL 3784155, at *3 (W.D.N.Y. July 18, 2013) ("The Appeals Council must accept the evidence so long as it is new, material, and relates to the period on or before the date of the ALJ's decision."). Where "the additional evidence undermines the ALJ's decision, such that it is no longer supported

5

by substantial evidence, then the case should be reversed and remanded." Webster v. Colvin, 215 F. Supp. 3d 237, 244 (W.D.N.Y. 2016).

The Commissioner appears to concede that Ms. Szafranski's opinion is new and relates to the relevant period, but argues that it was not material because it would not change the outcome of the decision. See Docket # 17-1, at 8-9. The AC never included or even mentioned this reasoning in its decision and it is therefore not a basis for affirming its findings. Cintron v. Berryhill, No. 16-cv-7731, 2018 WL 1229731, at *12 (S.D.N.Y. Mar. 6, 2018) (finding that the Commissioner supplied post hoc rationalizations for the AC rejecting a treating doctor's opinion but concluding that the AC "did not discuss any of these reasons in its decision"). "[E]ven if the new evidence was disputed by other evidence in the record, that 'provides no basis for excusing the agency from the requirement that it make findings as to the impact of the treating physician rule and provide good reasons for rejecting a treating physician's opinion.'" Id. (quoting Garcia v. Comm'r of Soc. Sec., 208 F. Supp. 3d 547, 554 (S.D.N.Y. 2016)).

"The treating physician rule . . . applies to the Appeals Council when it considers new evidence containing findings and opinions of a treating physician. Djuzo v. Comm'r of Soc. Sec., No. 5:13-CV-272 GLS/ESH, 2014 WL 5823104, at *3 (N.D.N.Y. Nov. 7, 2014); see Asturias v. Colvin, No. 13-CV-143-JTC, 2014 WL 3110028,

at *5 (W.D.N.Y. July 7, 2014); Toth v. Colvin, No. 5:12-CV-1532 (NAM/VEB), 2014 WL 421381, at *5 (N.D.N.Y. Feb. 4, 2014).

> When an ALJ or Appeals Council refuses to assign a treating physician's opinion controlling weight, a number of factors must be considered to determine the appropriate weight to assign, including: (i) the frequency of the examination and the length, nature and extent of the treatment relationship; (ii) the evidence in support of the treating physician's opinion; (iii) the consistency of the opinion with the record as a whole; (iv) whether the opinion is from a specialist; and (v) other factors brought to the Social Security Administration's attention that tend to support or contradict the opinion. See 20 C.F.R. § 404.1527(c).

Camarata v. Colvin, No. 6:14-CV-00578 MAD, 2015 WL 4598811, at *4 (N.D.N.Y. July 29, 2015). "Thus, when claimants submit to the Appeals Council treating-physician opinions on the nature and severity of their impairments during the relevant period of disability, 'the treating physician rule applies, and the Appeals Council must give good reasons for the weight accorded to' that opinion." Djuzo, 2014 WL 5823104, at *3 (quoting James v. Commissioner of Soc. Sec., No. 06-CV-6180(DLI)(WP), 2009 WL 2496485, at *10 (E.D.N.Y. Aug. 14, 2009)). "Failure to provide 'good reasons' for not crediting the opinion of a claimant's treating physician is a ground for remand." Snell v. Apfel, 177 F.3d 128, 134 (2d Cir. 1999) (citing Schaal v. Apfel, 134 F.3d 496, 505 (2d Cir. 1998)). "It is insufficient for the Appeals Council to merely acknowledge that they reviewed new evidence from a treating physician without providing such reasoning." Seifried

ex rel. A.A.B. v. Commissioner of Soc. Sec., No. 6:13-CV-0347 (LEK/TWD), 2014 WL 4828191, at *4 (N.D.N.Y. Sept. 29, 2014) (citing another source).

Unfortunately, here, the AC provided no reasons - let alone "good reasons" - for rejecting the treating source statement submitted to it by plaintiff. By not providing any such reasons, the AC failed in its responsibility to analyze the factors discussed above when evaluating a treating source opinion. Importantly, the record makes clear, and the government does not appear to challenge, that Ms. Szafranski, as plaintiff's treating physician assistant associated with Dr. Wadhwa, was considered by the AC to be plaintiff's treating doctor. Cf. Rosas-Nazario v. Colvin, No. 14-CV-6085P, 2015 WL 5104548, at *3-4 (W.D.N.Y. Aug. 27, 2015) ("Stuber [a doctor of osteopathic medicine] provided treatment to Rosas-Nazario from April 2009 through at least December 2011. . . . Thus, the record makes clear, and the government does not challenge, that Stuber qualified as Rosas-Nazario's treating physician. As such, the Appeals Council was obligated to articulate an explanation for failing to give controlling weight to Stuber's medical assessment."). Here, by the AC's own admission, it treated Ms. Szafranski's opinion as one from Dr. Wadhwa, yet did not evaluate the opinion as required. AR at 2. The AC's boilerplate denial of the new medical source statement from Ms. Szafranski failed to satisfy the Commissioner's

8

own regulations requiring that it give good reasons for rejecting a treating source opinion.

The Court does have some reservations about the content of Ms. Szafranski's opinion.[2] For example, answers to critical questions, such as "is your patient a malinger?" and are "the limitations you have stated consistent with the objective medical evidence in your patient's medical record, the results of your physical examinations of your patient, and your observations of his response and lack thereof to various treatments?" were omitted from the opinion. AR at 12, 15. The answers to these questions are important in determining the credibility of the assessment and deciding what weight to provide it. That the answers were not provided is a conspicuous omission. Additionally, as the Commissioner argues post hoc, Dr. Wadhwa had previously indicated that plaintiff's disability was "not medical disability, is psych related. Send my last office note." AR at 244 (emphasis in original). While this note is somewhat unclear, it appears to

---

[2] The Commissioner now argues for the first time that Ms. Szafranksi's opinion conflicts with the record evidence. However, this opinion is consistent with the opinion from plaintiff's other treating sources, Therapist Stankowski and Dr. Ko, which similarly found that plaintiff would be absent for around four days per month. The ALJ rejected this opinion, too. Taken together, the opinion from Dr. Ko's office and the opinion from Dr. Wadhwa's office are actually consistent with one another. The absence of further reports or additional details from plaintiff's treating sources may be explained by a statement made by plaintiff's attorney at the hearing. There, plaintiff's attorney indicated that plaintiff had been treated for 17 years at Dale Association, but it would not release plaintiff's treatment notes. The ALJ promised to issue a subpoena, but it is unclear if the records were ever received. AR at 39 (in response to the attorney's request for a subpoena, the ALJ indicated "I can and I will issue a subpoena, but you know how that goes").

9

support a contention that plaintiff's limitations are because of mental health, not physical impairments. Dr. Wadhwa's opinion in this respect seems to conflict with the later opinion from his office that was provided to the AC indicating that plaintiff could not walk or stand for significant periods of time. But even if this is true, the Commissioner's suggestion that remand is not required is inadequate because "[b]oth the ALJ and the Appeals Council have an affirmative obligation to develop the administrative record." Judge v. Comm'r of Soc. Sec., No. 12-CV-482, 2013 WL 785522, at *7 (N.D.N.Y. Feb. 1, 2013).

The AC erred by summarily dismissing an opinion from plaintiff's treating source that would, if credited, require a change to plaintiff's RFC. A boilerplate statement by the AC that the additional evidence does not provide a basis for changing the decision "is insufficient as it frustrates meaningful review by this Court and provides [p]laintiff with no material information to explain why" the opinion was rejected. Id. This error was not harmless, particularly because if credited, plaintiff would be absent from work around four days per month, a fact that the VE testified would preclude full-time employment. AR at 51 ("[Question:] If an individual is going to miss four days of work per month, could that individual maintain full-time employment? [Answer:] No.").

## Conclusion

For the reasons explained above, plaintiff's motion for judgment on the pleadings (Docket # 11), is **granted**, the Commissioner's motion for judgment on the pleadings (Docket # 17) is **denied**, and the case is remanded for further proceedings consistent with this Decision and Order.

_____
JONATHAN W. FELDMAN
United States Magistrate Judge

Dated: September 24, 2019
Rochester, New York